# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :

v.                              :      MAGISTRATE NO. 19-1885

AJITH BHASKARAN                 :

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Greed and deceit have fueled the defendant's criminal behavior and permeated every aspect of his life. He is facing very serious federal charges and a significant period of incarceration. In light of this, he has significant incentive to flee this jurisdiction. The risk of flight is compounded by his immigration status and minimal ties to the United States. Accordingly, the government moves for the pre-trial detention of defendant Bhaskaran.

### Extensive Criminal Conduct

As set forth in the criminal complaint and warrant, defendant Bhaskaran submitted a rental application for a three-bedroom property in Cherry Hill, New Jersey. To overcome his "very bad" credit history, the defendant lied about having a roommate (who would help him pay rent) and submitted a fraudulent bank document allegedly from that roommate. In a post-arrest statement, the defendant confessed in large part to this crime. He admitted he fabricated the existence of a roommate to overcome his credit history. Remarkably, he claimed he did not know how the fraudulent bank document (which mirrors the exact financial details of the defendant's checking account, but has the fictional roommate's name on it) came into existence.

The defendant's criminality is significantly larger and more extensive than the conduct set forth in the affidavit. Since his arrest, the government learned the defendant used

Social Security payments from a deceased individual to pay large portions of his rent from 2017 to the present. The deceased, P.R. (whose identity is known to the government), is the defendant's former mother-in-law. She resided in this country for a period, moved back to India, and died there in March of 2010. Since then, the defendant has unlawfully collected $184,028.88 from the Social Security Administration on her behalf. This newly-discovered criminal conduct supplements the existing charge, will likely lead to additional criminal charges, and further exposes the extent of the defendant's greed and deceit.

Moreover, in a post-arrest statement to investigators, defendant Bhaskaran - - a program manager for Amtrak - - admitted to accepting tens of thousands of dollars in bribes from contractors performing significant contract work for Amtrak. These bribes are significant violations of federal law and will continue to be investigated thoroughly by the government. The defendant faces a substantial period of imprisonment if convicted of bribery and related charges, particularly given the number of bribes and aggregate value of the bribes.

In light of the charge in the criminal complaint and these new revelations about the defendant's involvement in serious and extensive criminal conduct, it is incumbent that this Court carefully evaluate the danger the defendant will flee the country to avoid prosecution.

### Lack of Ties to the U.S., Fraudulent Passport, Lies to U.S. Pre-Trial Services

The defendant has significant ties to a foreign country. He was born in India, attended school there, and lived there until he was approximately 37 years old. He came to the United States to marry his wife. The couple had one child, and eventually divorced in 2011. The defendant is now a lawful permanent resident of the United States. With the exception of his daughter, the entirety of the defendant's family lives in India. Further, he has traveled repeatedly to India, including trips in 2016 and 2018.

As part of the investigation into the defendant's criminal behavior, agents have examined the defendant's work computer. Agents discovered bogus identification documents on the computer, including a U.S. passport. A picture of these bogus identification documents will be produced in court at the detention hearing. The documents can be summarized as follows: (1) a U.S. Passport[1] in the name of Ajeet B. Sharma, DOB of 9/24/77, with a birthplace in Cardiff, United Kingdom; (2) a Washington, D.C., driver's license in the name of Ajeet B. Sharma, DOB of 9/24/77, and an expiration date of September 30, 2018; and (3) a New York state non-commercial license in the name of Ajit B. Sharma, DOB of 9/25/78, an expiration date of September 30, 2017, and the label "Fake ID Generator for Android" printed in the bottom right corner. The defendant admitted in his post-arrest statement that he "made" these documents, but also claimed that he never used them.

On November 14, 2019, the defendant lied to U.S. Pre-Trial Services when he reported that he owned two cars. In fact, he owns three cars. The cars are: (1) a 2007 Mercedes Benz SL550; (2) a 2015 BMW 640XI; and (3) a 2006 BMW 750 Series. These cars were parked in his garage or outside his home on the day he was arrested. The defendant also had a fourth vehicle, a 2019 Ford Explorer Platinum, leased for him by one of the two contractors working on the project at Amtrak. Despite his armada of luxury vehicles, the defendant asked the Court to appoint an attorney for him at his initial appearance.

On November 14, 2019, the FBI found and seized $7,060 of cash from the defendant's home. In his post-arrest statement, the defendant claimed his family in India sends him money. In particular, he identified at least $18,000 in additional funds he received from his

---

[1] The passport number belongs to an Asian male who lives in Texas. That person does not resemble the defendant in any way.

family in recent years. If true, this statement points to an outside source of revenue that gives the defendant a financial means to flee. If false, this statement points to the deceit that continues to fuel the defendant's words and deeds.

The government submits there is no condition or combination of conditions that will reasonably assure the defendant's appearance. He is a serious flight risk who cannot be trusted. As detailed above, the defendant lied to his landlord, to the Social Security Administration, to U.S. Pre-Trial Services, and when necessary, he created and/or used a fraudulent bank document and identification documents to support his lies. Government counsel submits that cutting an ankle monitor and fleeing the country is merely another step down the criminal path the defendant has been traveling for years. However, fleeing the country will help the defendant avoid trial in this case (where he is likely to face an advisory guideline range of 24-30 months in prison), as well as the larger investigation into his corrupt behavior while employed at Amtrak. The government is therefore asking the Court to detain the defendant pending his trial in this matter.

1) **THE FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact:

   a) **Probable Cause And The Evidence In This Case**

   i) There is probable cause to believe that the defendant has violated Title 18, United States Code, Section 1343, as charged in the criminal complaint filed on November 8, 2019.

   ii) The evidence in this case is strong.

(1) The government has possession of the documents the defendant submitted in support of his rental application. These documents were sent via an e-mail from Pennsylvania to New Jersey, and therefore traveled in interstate commerce.

(2) The defendant has confessed the rental application is fraudulent because it names a person who never lived in the apartment and never intended to live in the apartment. The defendant admitted his poor credit history prompted the inclusion of this roommate so the defendant could be approved for the residential lease.

(3) The defendant could not explain, and did not explain, the origin of the fraudulent bank document that purported to be a monthly statement from the roommate's checking account. Notably, on the defendant's Amtrak-issued computer, the government found three forms of fraudulent identification that the defendant admitted creating himself. The link between the fraudulent bank document and fraudulent identification documents is clear to see: they are connected by the defendant and his use of Amtrak-issued computers.

b) **Maximum Penalties**

The defendant faces up to 20 years in prison for a violation of 18 U.S.C. § 1343.

c) **Judicial Record**

i) The defendant has no prior criminal arrests or convictions.

d) **Prior History of Failures to Appear and Abide by Court Supervision**

i) The defendant has no history of appearing, or failing to appear, in a criminal case where he was subpoenaed.

### e) Lack Of Community Ties/Employment

i) The defendant was born in India. He lived there for approximately 37 years. He still has family in India, has traveled there repeatedly, and visited that country in 2016 and 2018.

ii) The defendant has one adult daughter living in the United States. He has no other family in this country.

iii) The defendant is presently unemployed. He worked at Amtrak from 2014 through November 14, 2019.

## 2) CONCLUSION

When all these factors are viewed in light of the potential jail sentence the defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

WILLIAM M. MCSWAIN
United States Attorney

JASON P. BOLOGNA
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | MAGISTRATE NO. 19-1885 |
| AJITH BHASKARAN | : | |

## PRETRIAL DETENTION ORDER

AND NOW, this     day of November, 2019, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

i) There is probable cause to believe that the defendant has violated 18 U.S.C. § 1343.

ii) The evidence in this case is strong.

(1) The government has the rental documents submitted by the defendant via an interstate wire, traveling from Pennsylvania to New Jersey.

(2) The defendant confessed the rental application is fraudulent in that he listed a roommate who never intended to or did in fact live in the property.

(3) The defendant admitted creating false identification documents that were found in his computer. He offered no explanation for the creation of the fraudulent bank document that accompanied his rental application.

iii) The total maximum statutory penalty defendant faces is up to 20 years in prison. Accordingly, the defendant has a substantial incentive to flee.

iv) The defendant has substantial ties to India.

v) The defendant is unemployed.

The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a period of time, establishes the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person

in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE MARILYN HEFFLEY
United States Magistrate Judge

# CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention and Proposed Order was served by electronic filing (ECF) on the following defense counsel:

**None**, as government counsel
has not been contacted by any attorney
representing the defendant

_____
Jason P. Bologna
Assistant United States Attorney

Date: 11/21/19